FULL NAME

JAE JUNE PAK, et al.
02116-093

COMMITTED NAME (if different)
FEDERAL CORRECTIONAL INSTITUTION
P. O. BOX. 1731  WASECA, MN 56093

FULL ADDRESS INCLUDING NAME OF INSTITUTION

PRISON NUMBER (if applicable)

**FILED**
DISTRICT COURT OF GUAM

APR 27 2004

MARY L. M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

CASE No. CV __04-00023__ .
(To be supplied by the Clerk)

JAE JUNE PAK, et al.

PLAINTIFF(S)

v.

GEORGE W BUSH, BILL CLINTON,
JOHN ASHCROFT, JANNET RENO, AND
SIX UNKNOWN NAMES AGENTS.

DEFENDANT(S).

CIVIL RIGHTS COMPLAINT
PURSUANT TO (check one)

☑ 42 U.S.C. § 1983
or
☑ Bivens v. Six Unknown Agents
403 U.S. 388 (1971);

## A. PREVIOUS LAWSUITS

1)  Have you brought any other lawsuits in a federal court while a prisoner:  ☐ Yes  ☑ No

2)  If your answer to 1 is yes, how many? __FIRST__ Describe the lawsuit in the space below.    (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

**RECEIVED**

APR 27 2004

DISTRICT COURT OF GUAM
HAGATNA, GUAM

Page 1 of 6

a. Parties to this previous lawsuit:

Plaintiff _____

_____

_____

Defendants _____

_____

b. Court

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?)

_____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1) Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?    ☐ Yes    ☐ No

2) Have you filed a grievance concerning the facts relating to your current complaint?

☐ Yes    ☐ No

If your answer is no, explain why not _____

_____

_____

3) Is the grievance procedure completed?    ☐ Yes    ☐ No

Page 2 of 6

If your answer is no, explain why not _____

_____

4) Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiffs  JAE JUNE PAK, 02116-093, et al.

(print plaintiff's name)

who presently resides at  FCI P. O. BOX. 1731 WASECA, MINNESOTA 56093 , were violated

(mailing address or place of confinement)

by the actions of the defendant(s) named below, which actions were directed against plaintiff at_____

_____

(institution/city where violation occurred)

on (date or dates) _____ , _____ , _____ .

(Claim I)                    (Claim II)                    (Claim III)

(You need not name more than <u>one</u> defendant or allege more than one claim; however, make a copy of this page to provide the information below if you are naming <u>more</u> than five (5) defendants.)

1) Defendant  GEORGE W BUSH  resides or works at

(full name of first defendant)

THE WHITE HOUSE AND EXECUTIVE OFFICE 1600 PENNSYVANIA AVE,NW WASHINGTON, DC 20500

(full address of first defendant)

THE PRESIDENT OF THE UNITED STATES OF AMERICA

(defendant's position and title, if any)

The defendant is sued in his/her:   ☑ individual  ☐ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law:

_____

_____

2) Defendant _____ resides or works at

(full name of second defendant)

_____ , and is employed as

(full address of second defendant)

_____ .

(defendant's position and title, if any)

The defendant is sued in his/her:   ☐ individual  ☐ official capacity.  (Check one or both.)

Explain how this defendant was acting under color of law:

_____

_____

Page 3 of 6

3) Defendant _____ resides or works at
(full name of third defendant)

_____, and is employed as
(full address of third defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her: ☐ individual ☐ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_____

_____

4) Defendant _____ resides or works at
(full name of fourth defendant)

_____, and is employed as
(full address of fourth defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her: ☐ individual ☐ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_____

_____

5) Defendant _____ resides or works at
(full name of fifth defendant)

_____, and is employed as
(full address of fifth defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her: ☐ individual ☐ official capacity. (Check one or both.)

Explain how this defendant was acting under color of law:

_____

_____

Page 4 of 6

## E. CLAIMS*

## CLAIM I

The following civil right has been violated: NO VIOLATION OF FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND FEDERAL CRIMINAL LAWS, INADMISSIBLE WITNESSES TESTIFIED IN THE CRIMINAL DISTRICT COURT, NOR WITNESS STATEMENT, NOR INFORMANTS, NOR FACTS, NOR CIRCUMSTANCES, NOR SAID CONSPIRACY, NOR ANY COMPOUND, NOR MIXTURE EVIDENCE, NOR HARMLESS ERROR, NOR INCRIMINATE, NOR COECION AND DURESS OF GUILTY, OR AGREEMENT, NOR INDUCE, NOR ENTRAPMENT, NOR DISCUSSIONS, NOR DISMISSAL OF OTHER CHARGES, NOR ADVICE TO DEFENDANT PLEA OF GUILTY, HEARSAY EXCEPTION RULES BY IMMEDIATELY RELEASE, NOR DEFAMATION, NOR SLANDER, NOR LIBEL, VICTIM OF CRIME, THE TERM OF MISTRIAL, DISCHARGE, PARDON, WITHIN TEN DAYS, THE WRIT OF CERTIORARI, AND TRIAL BY JURY.

Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.]
  *If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

THE PRECEDENTS :
            BIVENS 29 L Ed 2d 619.    338 F 2d 456, 462-3.
526 F 2d 442, 459.   537 F 2d 210, 212.    516 F 2d 961, 963.
432 F 2d 659, 676.   434 F 2d 1081.   28 L Ed 2d 251.

## F. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

A WRIT OF ATTACHMENT AND GARNISHMENT

COMPENSATORY AND PUNITIVE DAMAGES

THE SUM OF THE AMOUNT CHARGE TWO MILLIONS DOLLARS, IMMEDIATELY FULL PAYMENT, WITHIN TEN DAYS, THE NAMES OF LIST FOR EACH PERSON TO PAY TWO THOUSAND DOLLARS ONLY, AND LESS BALANCE AMOUNT IS THE HALF AND HALF FOR JAE JUNE PAK AND YOUNG YIL JO, AND TRIAL BY JURY.

WITHOUT COURT FEES BY 18 USCA 3524(h), 28 USCA 1923(b), PAID BY U. S. AND TRIAL BY JURY.

APRIL 19, 2004
(Date)

Prayer, JAE JUNE PAK, 02116-093, et al.
(Signature of Plaintiff)

INMATE LAWYER, YOUNG YIL JO, 01183-112

" ATTACHMENT EXHIBITS "

THE DOCUMENT EVIDENCE
A SUMMONS
A NAMES OF LIST
A CERTIFICATE OF SERVICE

Page 6 of 6

PLAINTIFF(S) OR AND OTHERS

| | | |
|---|---|---|
| RIOS 15341-047 | GARCIA 07926-029 | WHITE 06908-073 |
| ROMO 06972-196 | RUSH 11962-045 | ALEXANDER 52279-098 |
| DIAZ 04679-046 | FELIX 02051-112 | NAHOE 34363-198 |
| ESPINOZA 12316-030 | WARREN 06935-091 | MILLER 08485-029 |
| KOULAVONGSA 09003-073 | DAMERVILLE 04259-030 | SMITH 28583-013 |
| STANCIEL 05098-027 | PAYNE 65190-065 | MYRICK 04755-030 |
| RICHARDSON 06963-033 | TOBON 429930-054 | LE 01923-029 |
| TRAN 00634-111 | MCMILLAN 05599-041 | BROWN 12046-030 |
| NAVARRETTE 78828-080 | EVINK 07482-041 | SYKES 20387-039 |
| JIMENEZ 07949-112 | BUTCHER 11936-073 | WOOD 27141-053 |
| OZUA 40709-198 | CABAN 05782-030 | BLAIR 07943-029 |
| ORBINO 83130-022 | GONZALEZ 15720-112 | WEBB 03922-025 |
| LARA 15578-047 | BUCIO 58392-097 | JOHNSON 07685-045 |
| VELASQUEZ 09605-112 | BARRAGAN 10660-097 | PARKER 13995-045 |
| DUARTE 13528-051 | ELDWORTH 98282-024 | PARROTT 16604-047 |
| CONTRERAS 05985-030 | PADILLA 09449-112 | ROSE 07611-084 |
| MARTINEZ 06002-046 | ROBISON 06386-046 | KOTIMI 14244-424 |
| FERNANDEZ 07301-059 | CHAPARRO 61615-065 | TOKVAM 06295-041 |
| BALDOMERO 61695-065 | GUTIERREZ 49448-198 | HUNTER 13112-026 |
| MONACO 13314-006 | QUINTANILA 05124-030 | ELLZEY 12274-045 |
| VONG 04955-041 | GIBSON 11268-095 | HELLING 10474-041 |
| NGUYEN 35544-019 | TAYLOR 26276-086 | BOYLES 08452-029 |
| JARAMILLO 12293-030 | VELOS 05949-030 | DILLARD 10080-023 |
| AGUILERA 05948-424 | DANIELS 25623-044 | DAGUE 08570-029 |
| MORONES 08102-029 | MONSON 06685-029 | CLAUSE 07474-046 |
| ENGLAND 06328-112 | BEHRENS 12385-030 | TAYLOR 17372-047 |
| CALDERIN 15590-047 | JIMENEZ 08063-029 | SANDOS 09720-081 |
| BARRAZA 15252-047 | CRUZ 01862-029 | ROYS 28406-013 |
| SPIDELL 15645-047 | FORT 06338-041 | RIDER 07274-046 |
| UNG 01922-029 | SMITH 08349-031 | VALLE 13741-097 |
| HERNANDEZ 07674-097 | LARIZZA 15647-086 | LOOP 10581-073 |
| TREVINO 28171-044 | ARRIOLA 40802-004 | MAYS 76952-198 |
| TAKEN ALIVE 12312-073 | FURGUSON 47415-053 | MENDOZA 01447-041 |
| ABANDY 09315-424 | GREEN 14227-045 | PRINCE 10585-085 |
| HOUSTON 08803-041 | CHANDA 07472-059 | LARIOS 09990-041 |
| SHEPPARD 14062-045 | CAMORA 99365-011 | |

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM
OFFICE OF THE CLERK

| | CASE NUMBER |
|---|---|
| JAE JUNE PAK, et al.<br>PLAINTIFF(S) | CV - |
| vs.<br>GEORGE W BUSH, BILL CLINTON,<br>JOHN ASHCROFT, JANNET RENO, AND<br>SIX UNKNOWN NAMES AGENTS.<br>DEFENDANTS(S) | A WRIT OF  S U M M O N S |

TO THE ABOVE-NAMED DEFENDANT(S). You are hereby summoned and required to file with this court and serve upon

Plaintiff's attorney, whose address is: JAE JUNE PAK, et al.
02116-093, D-UNIT
FCI P. O. BOX. 1731
WASECA, MINNESOTA 56093

an answer to the complaint which is herewith served upon you within **TEN** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**BY JURY for 24 hours with file.**

DATE: APRIL 19, 2004

CLERK. U.S. DISTRICT COURT

By_____
Deputy Clerk

(SEAL OF THE COURT)

S U M M O N S

# TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF ISSUES FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

BAIL STATUS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    B.    THE DISTRICT COURT VIOLATED *APPRENDI* BY FAILING TO ADVISE THE DEFENDANT OF HIS RIGHT TO A JURY DETERMINATION OF DRUG QUANTITY BEYOND A REASONABLE DOUBT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    C.    THE DISTRICT COURT'S FINDING THAT THE DEFENDANT IMPORTED OVER 50 GRAMS OF METHAMPHETAMINE, WITHOUT FIRST ADVISING THE DEFENDANT THAT HE HAD A RIGHT TO JURY DETERMINATION OF THAT FACT BEYOND A REASONABLE DOUBT, ALSO VIOLATED *APPRENDI*. . . . . . . 7

    D.    THE *APPRENDI* ERRORS ARE PLAIN, AFFECT THE SUBSTANTIAL RIGHTS OF THE DEFENDANT, AND SERIOUSLY AFFECT THE FAIRNESS, INTEGRITY OR PUBLIC REPUTATION OF JUDICIAL PROCEEDINGS REQUIRING REVERSAL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

E.    THE DISTRICT COURT ERRONEOUSLY HELD THAT THE DEFENDANT FAILED TO RAISE THE COERCION AND DURESS FACTORS PRIOR TO SENTENCING, AND THUS THE DENIAL FOR DOWNWARD DEPARTURE WAS CLEARLY ERRONEOUS. ............................... 12

CONCLUSION .............................................. 15

CERTIFICATE OF COMPLIANCE ................................ 16

CERTIFICATE OF RELATED CASES ............................. 17

CERTIFICATE OF SERVICE .................................... 18

iii

# TABLE OF AUTHORITIES

PAGE

## CASES

*Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) . . . . . . . . . . . . . . . 4-7, 10, 12

*United Sates v. Gill,* 280 F.3d 923, 930 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . 4

*United States v. Banuelos*, 322 F.3d 700, 702 (9th Cir. 2003) . . . . . . . . . . . . . . 7, 9

*United States v. Barnes*, 125 F.3d 1287, 1290 (9th Cir. 1997) . . . . . . . . . . . . 4, 15

*United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002) . . . . . . . . . . . . . . . . . 5

*United States v. Lopez-Garcia*, 316 F.3d 967, 973 (9th Cir. 2002) . . . . . . . . . . . 12

*United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir. 2002)
        cert. den. 537 U.S. 1146, 123 S.Ct. 948 . . . . . . . . . . . . . . . . . . . . . 5-7, 9-11

*United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770 (1993) . . . . . . . . . . . 9

*United States v. Pinto*, 48 F.3d 384, 389 (9th Cir. 1995)
        cert. den. 516 U.S. 841, 116 S.Ct. 125 (1995) . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Shetty*, 130 F.3d 1324, 1331 (9th Cir. 1997) . . . . . . . . . . . . . . . 4

*United States v. Thomas*, 355 F.3d 1191, 1195 (9th Cir. 2004) . . . . . . . . . . . . . . . 7

*United States v. Villalobos*, 333 F.3d at 1075 . . . . . . . . . . . . . . . . . . . . . . . 8-11

## STATUTES

21 U.S.C. § 952(a), 960 and 963 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

21 U.S.C. § 960 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

iv

21 U.S.C. § 960(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

21 U.S.C. § 960(b)(H) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

21 U.S.C. § 960(c)(H) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. §1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Rule 11(c)(1), Fed. R. Crim. Proc. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

USSG §5 K2.12 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 12

v

C.A. NO. 03-10452

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | Court of Appeals Docket |
|     ) | No. 03-10452 |
| Plaintiff-Appellee,     ) | |
|     ) | District Court Case |
| vs.     ) | No. CR00-00150 |
|     ) | Guam (Hagatna) |
| JAE JUN PAK,     ) | |
|     ) | |
| Defendant-Appellant.     ) | |
| _____ ) | |

## OPENING BRIEF OF APPELLANT
## JAE JUN PAK

Attorneys for Appellant Jae Jun Pak

JOAQUIN C. ARRIOLA, JR., ESQ.
ARRIOLA, COWAN & ARRIOLA
259 Marty Street, Suite 201
Hagatna, Guam 96910
Telephone: (671) 477 - 9730 ~ 3
Facsimile: (671) 477 - 9734

COPY

# STATEMENT OF ISSUES FOR REVIEW

1.  Whether the district court violated *Apprendi* by failing to inform the defendant of his right to have a jury determine the quantity of drugs beyond a reasonable doubt.

2.  Whether the district court's finding that the defendant imported over 50 grams of methamphetamine, without first advising the defendant that he had a right to jury determination of that fact beyond a reasonable doubt, also violated *Appendi*.

3.  The *Apprendi* errors are plain, affect the substantial rights of the defendant, and seriously affect the fairness, integrity or public reputation of judicial proceedings requiring reversal.

4.  The District Court erroneously held that the defendant failed to raise the coercion and duress factors prior to sentencing, and thus the denial for downward departure was clearly erroneous.

1

## STATEMENT OF JURISDICTION

The United States Court of Appeals for the Ninth Circuit has jurisdiction over this appeal by virtue of 28 U.S.C. §1291. Defendant-Appellant timely filed his notice of appeal with the United States District Court of Guam ("District Court") on August 22, 2003. This appeal to the Court of Appeals for the Ninth Circuit is taken from the judgment of conviction entered by the District Court on August 14, 2003.

## BAIL STATUS

The defendant is incarcerated at the Federal Correctional Institute in Waseca, Minnesota following sentencing after guilty plea, to 132 months of imprisonment for importation of over 50 grams of methamphetamine.

## STATEMENT OF FACTS

On December 27, 2000 the defendant was indicted for conspiracy to import over 50 grams of methamphetamine in violation of 21 U.S.C. § 952(a), 960 and 963. The defendant was additionally indicted for importation of methamphetamine and attempted possession of methamphetamine with intent to distribute. On January 5, 2001, the defendant entered into a plea agreement with the United States Attorney agreeing to enter a guilty plea to one count of conspiracy to import over 50 grams of

2

methamphetamine. On January 8, 2001, the court held a change of plea hearing. The trial court did not advise the defendant of his right to have a jury determine the quantity of drugs imported beyond a reasonable doubt. The defendant did not waive his right to have a jury find beyond a reasonable doubt that he imported over 50 grams of methamphetamine.

At sentencing on August 12, 2003, upon motion, the defendant received a downward departure for substantial assistance from level 35 to level 32. The defendant additionally moved for downward departure pursuant to USSG § 5K2.12 based on coercion and duress by Korean gang members residing in Korea and the Philippines. The defendant was coerced and forced to participate in the crime charged. Korean gang members threatened both the defendant and his family members with harm and death. Korean gang members brandished knives while making threats of death. When the defendant conceded, the Korean gang ensured the defendant's participation in the crime charged by sending a gang member to guarantee the defendant's performance. The District Court denied the defendant's request for downward departure for coercion pursuant to USSG § 5K2.12.

The District Court did not hold a hearing to determine the factual basis of the defendant's request for downward departure prior to ruling that the defendant's allegations of coercion and duress were not credible. The District Court held that the

3

defendant's factual statements lacked credibility because sentencing was the first time the court was made aware of any coercion. However, the court was made aware of the duress and coercion factors at the change of plea hearing upon questioning the defendant whether he was voluntarily entering into the plea agreement. The defendant at that time asserted that he was coerced into participating in the crimes charged due to threats from Korean gang members.

On August 13, 2003, the defendant was sentenced to 132 months imprisonment. Upon sentencing and pursuant to the plea agreement, the second and third counts of the indictment were dismissed.

## ARGUMENT

A.    STANDARD OF REVIEW

Whether the district court properly applied *Apprendi* is a question of law subject to de novo review. *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2363 (2000); *United States v. Gill*, 280 F.3d 923, 930 (9th Cir. 2002). The factual findings underlying a district court's sentencing decision is reviewed for clear error. *United States v. Barnes*, 125 F.3d 1287, 1290 (9th Cir. 1997). A district court's evaluation of the reliability of evidence used for sentencing purposes is reviewed for abuse of discretion. *United States v. Shetty*, 130 F.3d 1324, 1331 (9th Cir. 1997).

4

B.    THE DISTRICT COURT VIOLATED *APPRENDI* BY FAILING TO ADVISE
THE DEFENDANT OF HIS RIGHT TO A JURY DETERMINATION OF
DRUG QUANTITY BEYOND A REASONABLE DOUBT.

The drug quantity and type, which fixes the maximum sentence for a

conviction, must be charged in the indictment, submitted to the jury, and proved

beyond a reasonable doubt. *United States v. Buckland*, 289 F.3d 558 (9th Cir. 2002).

"Any fact that increases the penalty for a crime beyond the statutory maximum must

be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New*

*Jersey*, 530 U.S. 466, 490, 120 S. Ct. 2348, 2363 (2000). The failure to advise the

defendant of the right to have a jury determine the quantity of drugs is reversible

error. *United States v. Minore*, 292 F.3d 1109, 1117 (9th Cir. 2002) cert. den. 537

U.S. 1146, 123 S.Ct. 948.

The defendant was convicted and sentenced for conspiracy to import over 50

grams of methamphetamine in violation of 21 U.S.C. § 960. The penalty proscribed

for a violation of 21 U.S.C. § 960(a) involving more than 50 grams of

methamphetamine is a mandatory minimum term of 10 years, but not more than life.

21 U.S.C. §960(b)(H); whereas, the penalty for importation of 5 grams of

methamphetamine is mandatory minimum term of 5 years, and not more than 40

years. 21 U.S.C. § 960(c)(H). Therefore, as a result of the quantity of drugs, the

defendant in this case was subject to an increased penalty beyond the statutory

5

maximum. Thus, the requirements of *Apprendi* are applicable to the case herein.

The District Court failed to advise the defendant of his right to have a jury determine whether the quantity of drugs imported was more than 50 grams. Nowhere in the record does the District Court advise the defendant of this due process right to have a jury determine the quantity of drugs imported. Only one reference in the record is made to the defendant's right to a jury trial.

THE COURT:      Okay. And that you would have the right to a trial by jury? I'm just telling him of his rights.

DEFENDANT PAK:      Yes.

Excerpts of Record, 5; Change of Plea hearing p. 11, line 13. As demonstrated by the record, the District Court did not specifically advise the defendant of the right to a jury determination of the quantity of drugs imported, as required by *Apprendi*.

In *United States v. Minore*, the district court did not specifically advise the defendant that the government would be required to prove that he had imported over 11,000 kilograms of marijuana. *United States v. Minore*, 292 F.3d at 1113. In finding that the district court did not comply with Rule 11(c)(1), Fed. R. Crim. Proc., the appellate court stated, "[w]hen drug quantity exposes the defendant to a higher statutory maximum sentence than he would otherwise face, drug quantity is not only an element of the offense, it is a critical element." *Id.*

6

The district court is required to inform the defendant that he is entitled to a jury determination of drug quantity beyond a reasonable doubt before accepting the defendant's plea. *United States v. Minore,* 292 F.3d at 1113. The district court's acceptance of the defendant's plea without first advising the defendant that he is entitled to a jury determination of drug quantity beyond a reasonable doubt, is an *Apprendi* violation. *Id.*; *see United States v. Banuelos,* 322 F.3d 700, 705 (9th Cir. 2003)(in dicta). Because the defendant neither waived his right to have a jury determine the quantity of drugs imported, and because the District Court failed to advise the defendant of his rights, the sentence must be reversed for plain error.

C. THE DISTRICT COURT'S FINDING THAT THE DEFENDANT IMPORTED OVER 50 GRAMS OF METHAMPHETAMINE, WITHOUT FIRST ADVISING THE DEFENDANT THAT HE HAD A RIGHT TO JURY DETERMINATION OF THAT FACT BEYOND A REASONABLE DOUBT, ALSO VIOLATED *APPRENDI.*

The district court must empanel a jury to find the quantity of drugs possessed beyond a reasonable doubt, or in the case of a guilty plea, the court must make the determination after the defendant waives his right to a jury determination. *Apprendi v. New Jersey, supra.*; *United States v. Thomas,* 355 F.3d 1191, 1195 (9th Cir. 2004) citing *United States v. Banuelos,* 322 F.3d 700, 702 (9th Cir. 2003). The failure to inform the defendant of his right to a jury determination prior to acceptance of a guilty plea is an *Apprendi* violation and may require reversal for plain error. *United*

7

*States v. Minore*, 292 F.3d at 1113.

The defendant does not dispute that the drug quantity was charged in the indictment. However, the Court failed to notify the defendant of his right to have a jury determine the quantity of drugs imported, and obtain a waiver to this right prior to making a factual determination of drug quantity. As stated in *Villalobos:*

> The fact that Villalobos stipulated to a drug quantity as part of his plea agreement does not show that he would have pled guilty to this quantity or pled guilty at all if he had been properly informed about the burden of proof as to quantity.

*United States v. Villalobos*, 333 F.3d at 1075.

Likewise, the fact that the defendant stipulated in his plea agreement that he conspired to import over 50 grams of methamphetamine does not affirmatively show that he would have pled guilty to this quantity had he been properly informed of his rights. Therefore, the factual finding by the district court that the defendant imported over 50 grams of methamphetamine was a clear violation of *Apprendi*. Hence, the sentence must be reversed for plain error.

D.   THE *APPRENDI* ERRORS ARE PLAIN, AFFECT THE SUBSTANTIAL RIGHTS OF THE DEFENDANT, AND SERIOUSLY AFFECT THE FAIRNESS, INTEGRITY OR PUBLIC REPUTATION OF JUDICIAL PROCEEDINGS REQUIRING REVERSAL.

Where a district court fails to advise the defendant of the right to a jury determination of drug quantity beyond a reasonable doubt, the appellate court will

8

reverse the conviction only where the error is plain and affects the substantial rights of the defendant. *United States v. Villalobos*, 333 F.3d 1070, 1074 (9th Cir. 2003); *See United States v. Minore,* 292 F. 2d at 1117 citing *United States v. Olano*, 507 U.S. 725, 732, 113 S.Ct. 1770 (1993). Additionally, where there is a Rule 11 error, reversal is appropriate where the error seriously affects the fairness, integrity or public reputation of judicial proceedings. *United States v. Minore,* 292 F. 2d at 1117.

It is settled law in the Ninth Circuit that the failure to inform a defendant that the government would be required to prove drug quantity to a jury beyond a reasonable doubt is "plain" error. *United States v. Minore,* 292 F. 2d at 1117; *United States v. Banuelos, supra.; United States v. Villalobos, supra.* A defendant's substantial rights are affected where the errors are not minor or technical and the defendant did not understand the rights at issue when he entered his guilty plea. *United States v. Minore,* 292 F. 2d at 1118. Additionally, where a defendant is not informed that drug quantity is an element of the offense to be proven beyond a reasonable doubt, a guilty plea is not knowing, intelligent or voluntary. *United States v. Villalobos,* 333 F.3d at 1076. Clearly, the failure of the District Court to advise the defendant of the right to a jury determination of drug quantity beyond a reasonable doubt constitutes plain error and affects the substantial rights of the defendant.

The fairness, integrity or public reputation of judicial proceedings are seriously

9

affected by the District Court's *Apprendi* errors. First, this case is distinguishable from both *Minore* and *Villalobos*. Second, the District Court's error is exacerbated by the defendant's inability to speak English and the District Court's failure to specifically query the defendant on the quantity of drugs.

In *Minore*, after determining that the Rule 11 colloquy did not comply with *Apprendi*, there was plain error, and the defendant's substantial rights were affected, the court held that the district court's error did not seriously affect the fairness, integrity or public reputation of judicial proceedings. The court denied the defendant's request for relief because "Minore unequivocally admitted *in his plea agreement, during his plea colloquy and at his sentencing* that he should be held responsible" for 8,845 kilograms of marijuana. (Emphasis added.) *United States v. Minore,* 292 F.3d at 1119. This did not occur with Mr. Pak.

In *Villalobos*, the court in determining fairness held that the evidence as to quantity was not unequivocal because Villalobos contested the amount of drugs at sentencing. Despite the fact that Villalobos had stipulated in his plea agreement the quantity of drugs, the court disregarded the stipulation finding, "We give little weight to Villalobos' stipulation, entered when he was not properly informed . . ." *United States v. Villalobos,* 333 F.3d at 1078.

The defendant herein did not make an unequivocal admission of drug quantity

10

in his plea agreement, during his plea colloquy or at his sentencing. In *Minore,* the

plea agreement provided:

> [F]or purposes of calculating Gary Minore's sentencing
> guidelines range under USSG §2D1.1, the parties agree
> that the quantity of drugs for which *Gary Minore should be
> held responsible is the marijuana involved in the three
> loads, namely, a total of 25,800 pounds (11,703
> kilograms).*(Emphasis added.)

*United States v. Minore,* 292 F3d. at 1114. Unlike *Minore,* the defendant's plea

agreement merely stipulates to facts, which include drug quantity. The defendant's

plea agreement stipulates that "The approximate gross weight of the liquid-crystal

substance was 13,263,32 grams of methamphetamine (gross weight)." Excerpts of

Record, 2; Plea Agreement, p. 5 line 28 through p. 6 line 1. A mere stipulation,

where a defendant is not properly informed of his rights as mandated by *Apprendi,*

is not an unequivocal admission of drug quantity. *See United States v. Villalobos,*

333 F.3d at 1078.

Similarly, at the change of plea hearing, the defendant did not make

unequivocal admission of drug quantity. The District Court merely queried whether

the drug quantity exceeded 50 grams of methamphetamine. Excerpts of Record, 6;

Change of plea hearing, p. 14, lines 8-16. The District Court did not specifically

question whether the defendant was admitting to importing 13,263.32 grams of

11

methamphetamine. In addition, at the sentencing hearing, the defendant did not make any unequivocal admission of drug quantity and the court did not specifically query the defendant regarding drug quantity.

In addition to the defendant's inability to fully understand the criminal proceedings against him in light of the *Apprendi* errors in the court below, the District Court did not at the change of plea or sentencing hearing question the defendant on his responsibility for a specific quantity of drugs. These facts coupled with the defendant's inability to understand or speak the English language, and the *Apprendi* errors in this case call to doubt the fairness, integrity or public reputation of judicial proceedings.

E.    THE DISTRICT COURT ERRONEOUSLY HELD THAT THE DEFENDANT FAILED TO RAISE THE COERCION AND DURESS FACTORS PRIOR TO SENTENCING, AND THUS THE DENIAL FOR DOWNWARD DEPARTURE WAS CLEARLY ERRONEOUS.

A district court may decrease a defendant's sentence under a theory of imperfect duress, i.e., coercion or duress under circumstances not amounting to a complete defense. USSG § 5K2.12; *United States v. Lopez-Garcia*, 316 F.3d 967, 973 (9th Cir. 2002). In declining to depart downward based on coercion and duress, the district court made a factual determination that the defendant's statements were not credible.

The District Court's finding that the defendant's statements lacked credibility

12

was based on the erroneous fact that the defendant did not raise the issue prior to sentencing. The District Court was clearly made aware that the defendant was pleading guilty to the offense as a result of coercion from Korean gang members at the change of plea hearing.

The COURT:    Has anyone attempted in any way to force you to plead guilty in this case?

Defendant PAK:    No.

The COURT:    Are you pleading guilty of your own free will because you are guilty?

Defendant PAK:    Yes. The rumors that I hear from the sources in Korea is that I'm (inaudible)

Mr. HARTSOCK: The threat that he feels - - the force that he feels to plead is not from anyone here, it's from there. It's from the other side in terms of if he feels any coercion to plead guilty.

The COURT:    Well, but there's - - see, this is - - the question I asked was are you pleading guilty of your own free will because you are guilty, and I need him to answer. He is going to be pleading guilty, not as a result - - not as a result of coercion from anybody. This is what he wants to do.

13

Mr. HARTSOCK: Right. He is, he is pleading guilty because he desires to

cooperate because he doesn't want to run the risk that he

would have if he went back to Korea.

The COURT: Okay.

Mr. HARTSOCK: He understands the danger of the people he works for.

(Excerpts of Record, 4; Change of Plea Hearing, p. 7 line 21 through p. 9 line 5.)

Notably, the District Court made no further inquiry of the <u>defendant</u> to determine if

he was or was not coerced into pleading guilty.

The District Court at the sentencing hearing stated the following in issuing its

ruling:

> The first time the court was made aware of the possibility
> of coercion and duress was in the defendant's response to
> the PSR. The timing of this information does not lend
> credence to the defendant's contention. Instead, the court
> views defendant's assertions a mere self-serving
> statements.

(Excerpts of Record, 7; Sentencing Hearing p.4, lines 10 - 15.)

The District Court's reliance on this factual basis was clearly erroneous as the

court was made aware of the duress and coercion factors at the change of plea hearing

when the defendant was questioned about whether he was voluntarily entering into

the plea agreement. Although a district court's refusal to depart downward is

generally not reviewable, *United States v. Pinto*, 48 F.3d 384, 389 (9th Cir. 1995) cert.

14

den. 516 U.S. 841, 116 S.Ct. 125 (1995), factual findings are reviewed under a clearly erroneous standard. *United States v. Barnes, supra.* Because the District Court's finding was based on an erroneous fact, its refusal to depart downward based on §5K2.12 must be reversed.

## CONCLUSION

The District Court committed plain error in failing to properly advise the defendant of his right to a jury determination of drug quantity. As such, the defendant's plea, the conviction and sentence must be vacated and remanded. Additionally, because the District Court relied on an erroneous fact to determine credibility in its application of §5K2.12, the case must be remanded for resentencing and for consideration of whether defendant should be afforded a downward departure from adjusted offense level 32.

Respectfully submitted this 2nd day of April, 2004.

ARRIOLA, COWAN & ARRIOLA
Attorneys for Appellant Jae Jun Pak

JOAQUIN C. ARRIOLA, JR.

15

# CERTIFICATE OF COMPLIANCE

Pursuant to Ninth Circuit Rule 32-1 and Fed. R. App. P. 32(a)(7)(C), the undersigned counsel hereby certifies that the OPENING BRIEF OF DEFENDANT-APPELLANT JAE JUN PAK is proportionately spaced, has a typeface of 14 points and contains 3,828 words.

Dated on this 2nd day of April, 2004.

_____
JOAQUIN C. ARRIOLA, JR.
Counsel for the Defendant-Appellant

# CERTIFICATE OF RELATED CASES

The undersigned counsel of record for DEFENDANT-APPELLANT JAE JUN

PAK hereby certifies that there are no known related cases in this Court to the

referenced appeal.

Dated on this 2nd day of April, 2004.

JOAQUIN C. ARRIOLA, JR.
Counsel for the Defendant-Appellant

## CERTIFICATE OF SERVICE

I, Joaquin C. Arriola, Jr. do hereby certify that on this 2nd day of April, 2004,

I caused to be served two (2) copies of the OPENING BRIEF OF DEFENDANT-

APPELLANT JAE JUN PAK and One (1) copy of the EXCERPTS OF RECORD OF

DEFENDANT-APPELLANT JAE JUN PAK upon Plaintiff-Appellee, by hand-

delivering copies thereof to:

**MARIVIC P. DAVID, ESQ.**
OFFICE OF THE U.S. ATTORNEY
Criminal Division
Suite 500, Sirena Plaza
108 Hernan Cortez Street
Hagatna, Guam 96910

Dated on this 2nd day of April, 2004.

JOAQUIN C. ARRIOLA, JR.
Counsel for the Defendant-Appellant

CERTIFICATE OF SERVICE

This is to certify that I have, on <u>19</u> day, of APRIL
2004 , placed a true and exact copy of the foregoing, in
the u. s. mails, via certified mail addressed to

OFFICE OF THE CLERK
U. S. COURTHOUSE 4TH FLOOR
520 WEST SOLEDAD AVE
HAGATNA, GUAM 96910

ATTORNEY GENERAL
DEPT OF JUSTICE
950 PENNSYLVANIA AVE, N. W.
WASHINGTON, D. C. 20530

GEORGE W BUSH THE PRESIDENT
THE WHITE HOUSE AND EXECUTIVE OFFICE
1600 PENNSYLVANIA AVE, N. W.
WASHINGTON, D. C. 20500

BILL CLINTON, FORWARD ADDRESS

JANNET RENO,  FORWARD ADDRESS

U. S. SENATE, JUDICIARY COMMITTEES
224 DIRKSEN SENATE OFFICE BUIDING
WASHINGTON, D. C. 20510-6275

THE HOUSE OF REPRESENTATIVES
JUDICIARY COMMITTEES
2138 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, D. C. 20515

Respectfully submitted

JAE JUNE PAK, et al.
02116-093, D-UNIT
FCI P. O. BOX. 1731
WASECA, MN 56093

INMATE LAWYER, YOUNG YIL JO, 01183-112

*Young Yil Jo .*

USA TODAY
7950 JONES BRANCH DRIVE
MCLEAN, VA 22108

LOS ANGELES TIMES
202 1ST STREET
LOS ANGELES, CA 90012

WASHINTON POST CO
1150 15TH STREET, N. W.
WASHINGTON, D. C. 20071

THE WALL STREET JOURNAL
4300 NORTH ROUTE 1
SOUTH BRUNSWICK, NJ 08852

SUPREME COURT OF THE UNITED STATES OFFICE OF THE CLERK
ONE FIRST STREET, N. E. WASHINGTON, D. C. 20543-0001 AND UNIT TEAM.