FULL NAME
JAE JUNE PAK, 02116-093, et al.

FEDERAL CORRECTIONAL INSTITUTION
COMMITTED NAME (if different)

P. O. BOX. 1731 WASECA, MN 56093

FULL ADDRESS INCLUDING NAME OF INSTITUTION

PRISON NUMBER (if applicable)

**FILED**
DISTRICT COURT OF GUAM

**JUN 0 4 2004**

MARY L. M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT
### DISTRICT OF GUAM

JAE JUNE PAK, et al.

PLAINTIFF(S)

v.

GEORGE W BUSH, BILL CLINTON,
JOHN ASHCROFT, JANNET RENO, AND
SIX UNKNOWN NAMES AGENTS.

DEFENDANT(S)

CASE No. CV **04-00023**
(To be supplied by the Clerk)

CIVIL RIGHTS COMPLAINT
PURSUANT TO (check one)

☑ 42 U.S.C. § 1983
or
☑ Bivens v. Six Unknown Agents
403 U.S. 388 (1971);

## A. PREVIOUS LAWSUITS

1) Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes ☑ No

2) If your answer to 1 is yes, how many? FIRST Describe the lawsuit in the space below.    (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

Page 1 of 6

**RECEIVED**

JUN 0 4 2004

DISTRICT COURT OF GUAM
HAGATNA, GUAM

a.  Parties to this previous lawsuit:

Plaintiff _____

_____

_____

Defendants _____

_____

b.  Court

_____

c.  Docket or case number _____

d.  Name of judge to whom case was assigned _____

e.  Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?)

_____

f.  Issues raised: _____

_____

_____

g.  Approximate date of filing lawsuit _____

h.  Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1)  Is there a grievance procedure available at the institution where the events relating to your current complaint occurred?  ☐ Yes  ☐ No

2)  Have you filed a grievance concerning the facts relating to your current complaint?

☐ Yes  ☐ No

If your answer is no, explain why not _____

_____

_____

3)  Is the grievance procedure completed?  ☐ Yes  ☐ No

Page 2 of 6

If your answer is no. explain why not _____

_____

4) Please attach copies of papers related to the grievance procedure.

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiffs ___JAE JUNE PAK,02116-093, et al.___
(print plaintiff's name)

who presently resides at ___FCI P. O. BOX. 1731  WASECA, MN 56093___, were violated
(mailing address or place of confinement)

by the actions of the defendant(s) named below, which actions were directed against plaintiff at_____

_____
(institution/city where violation occurred)

on (date or dates) _____, _____, _____.
(Claim I)                   (Claim II)                   (Claim III)

(You need not name more than one defendant or allege more than one claim; however, make a copy of this page to provide the information below
if you are naming more than five (5) defendants.)

1) Defendant _____GEORGE W BUSH_____ resides or works at
(full name of first defendant)

THE WHITE HOUSE AND EXECUTIVE OFFICE 1600 PENNSYLVANIA AVE, NW WASHINGTON, DC 20500
(full address of first defendant)

THE PRESIDENT OF THE UNITED STATES OF AMERICA
(defendant's position and title, if any)

The defendant is sued in his/her:  ☑ individual  ☐ official capacity.  (Check one or both).

Explain how this defendant was acting under color of law:

_____

_____

2) Defendant _____ resides or works at
(full name of second defendant)

_____, and is employed as
(full address of second defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her:   ☐ individual  ☐ official capacity.  (Check one or both.)

Explain how this defendant was acting under color of law:

_____

_____

Page 3 of 6

3) Defendant _____ resides or works at
(full name of third defendant)

_____, and is employed as
(full address of third defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual   ☐ official capacity.  (Check one or both.)

Explain how this defendant was acting under color of law:

_____

_____


4) Defendant _____ resides or works at
(full name of fourth defendant)

_____, and is employed as
(full address of fourth defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual   ☐ official capacity.  (Check one or both.)

Explain how this defendant was acting under color of law:

_____

_____


5) Defendant _____ resides or works at
(full name of fifth defendant)

_____, and is employed as
(full address of fifth defendant)

_____
(defendant's position and title, if any)

The defendant is sued in his/her:  ☐ individual   ☐ official capacity.  (Check one or both.)

Explain how this defendant was acting under color of law:

_____

_____

Case 1:04-cv-00023   Document 2   Filed 06/04/2004   Page 4 of 27

CV-66 (7/97)                              CIVIL RIGHTS COMPLAINT FORM

## E. CLAIMS*

## CLAIM I

The following civil right has been violated:    NO VIOLATION OF THE FIFTH AND FOURTEENTH
AMENDMENTS OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND FEDERAL
CRIMINAL LAWS, INADMISSIBLE WITNESSES TESTIFIED IN THE CRIMINAL FEDERAL
DISTRICT COURT, NOR WITNESS STATEMENTS, NOR FACTS, NOR CIRCUMSTANCES, NOR
MIXTURE, NOR COMPOUND, NOR ENTRAPMENT, NOR SUCH  AGREEMENTS, NOR SLANDER,
NOR DEFAMATION, NOR LIBEL, NOR VICTIM OF THE CRIME, HEARSAY EXCEPTION RULES
BY IMMEDIATELY RELEASE, NOR SAID CONSPIRACY CHARGE, THE TERM OF MISTRIAL,
DISCHARGE, TODAY, PARDON, WITHIN TEN DAYS, NO LATER THAN  JUNE 9, 2004, at
1:00 O'clock PM, THE WRIT OF CERTIORARI, AND TRIAL BY JURY.

" NOR DETAINER PENDING " I NEED CITIZENSHIP CARD TRIAL BY JURY.

Supporting Facts: [Include all facts you consider important.  State the facts clearly, in your own words, and without
citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each
DEFENDANT (by name) did to violate your right.]
  *If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same  outline.

THE PRECEDENTS:
                      BIVENS 29 L Ed 2d 619.   LINK 8 L Ed 2d 734. HECK 129 L Ed 2d
383.   338 F 2d 456, 462-3,  526 F 2d 442, 459.  537 F 2d 210, 212.
516 F 2d 961, 963. 432 F 659, 676. 434 F 2d 1081. 28 L Ed 2d 251.
NO WITNESSES, OR OTHERS, ACTIONS.

CV-66 (7/97)                          CIVIL RIGHTS COMPLAINT FORM

## F. REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

A WRIT OF ATTACHMENT AND GARNISHMENT

COMPENSATORY AND PUNITIVE DAMAGES

THE SUM OF AMOUNT CHARGE FIVE MILLIONS DOLLARS, IMMEDIATELY FULL PAYMENT
WITHIN TEN DAYS, THE NAMES OF LIST FOR EACH PERSON TO PAY  TWO THOUSAND DOLLARS
ONLY, AND LESS BALANCE AMOUNT IS THE HALF AND HALF FOR JAE JUNE PAK AND YOUNG
YIL JO OF EACH TENURE, AND TRIAL BY JURY.

NO FEES BY JURY.

| MAY 24, 2004 | Prayer, JAE JUNE PAK, 02116-093, et al. |
|---|---|
| (Date) | (Signature of Plaintiff) |

LEGAL ASSISTANT, YOUNG YIL JO, 01183-112

*Young Yil Jo.*

" ATTACHED EXHIBITS "

DOCUMENT EVIDENCE
A SUMMONS
A NAMES OF LIST
A CERTIFICATE OF SERVICE

Page 6 of 6

CV-66 (7/97)                        CIVIL RIGHTS COMPLAINT FORM

PLAINTIFF(S) OR AND OTHERS

RIOS 15341-047  GARCIA 07926-029  WHITE 06908-073
ROMO 06972-196  RUSH 11962-045  ALEXANDER 52279-098
DIAZ 04679-046  FELIX 02051-112  NAHOE 34363-198
ESPINOZA 12316-030  WARREN 06935-091  MILLER 08485-029
KOULAVONGSA 09003-073  DAMERVILLE 04259-030  SMITH 28587-013
STANCIEL 05098-027  PAYNE 65190-065  MYRICK 04755-030
RICHARDSON 06963-033  TOBON 429330-054  LE 01923-029
TRAN 00634-111  MCMILLAN 05599-041  BROWN 12043-030
NAVARRETTE 78828-080  EVINK 07482-041  SYKES 20387-039
JIMENEZ 07949-112  BUTCHER 11936-073  WOOD 27141-053
OZUA 40709-198  CABAN 05782-030  BLAIR 07943-029
ORBINO 83130-022  GONZALEZ 15720-112  WEBB 03922-025
LARA 15578-047  BUCIO 58392-097  JOHNSON 07685-045
VELASQUEZ 09605-112  BARRAGAN 10660-097  PARKER 13995-045
DUARTE 13528-051  ELDWORTH 98282-024  PARROTT 16604-047
CONTRERAS 05985-030  PADILLA 09449-112  ROSE 07611-084
MARTINEZ 06002-046  ROBISON 06386-046  ROTIMI 14244-424
FERNANDEZ 07301-059  CHAPARRO 61615-065  TOKVAM 06295-041
BALDOMERO 61695-065  GUTIERREZ 49448-198  HUNTER 13112-026
MONACO 13314-006  QUINTANILA 05124-030  ELLZEY 12274-045
VONG 04955-041  GIBSON 11268-095  HELLING 10474-041
NGUYEN 35544-019  TAYLOR 26276-086  BOYLES 08452-029
JARAMILLO 12293-030  VELOS 05949-030  DILLARD 10080-023
AGUILERA 05948-424  DANIELS 25623-044  DAGUE 08570-029
MORONES 08102-029  MONSON 06685-029  CLAUSE 07474-046
ENGLAND 06328-112  BEHRENS 12385-030  TAYLOR 17372-047
CALDERIN 15590-047  JIMENEZ 08063-029  SANDOS 09720-081
BARRAZA 15252-047  CRUZ 01862-029  ROYS 28406-013
SPIDELL 15845-047  FORT 06338-041  RIDER 07274-046
UNG 01922-029  SMITH 08349-031  VALLE 13741-097
HERNANDEZ 07674-097  LARIZZA 15647-086  LOOF 10581-073
TREVINO 28171-044  ARRIOLA 40802-004  MAYS 76952-198
TAKEN ALIVE 12312-073  FURGUSON 47415-053  MENDOZA 01447-041
ABANDY 09315-424  GREEN 14227-045  PRINCE 10585-085
HOUSTON 08805-041  DHANDA 07472-059  LARIOS 09990-041
SHEPPARD 1...

UNITED STATES DISTRICT COURT
DISTRICT OF GUAM
OFFICE OF THE CLERK

| | CASE NUMBER |
|---|---|
| JAE JUNE PAK, et al.<br>          PLAINTIFF(S) | CV- |
| vs.<br>GEORGE W BUSH, BILL CLINTON,<br>JOHN ASHCROFT, JANNET RENO, AND<br>SIX UNKNOWN NAMES AGENTS.<br>          DEFENDANTS(S) | A WRIT OF SUMMONS |

TO THE ABOVE-NAMED DEFENDANT(S), You are hereby summoned and required to file with this court and serve upon

Plaintiff's attorney, whose address is:    JAE JUNE PAK, et al.
                                           02116-093, D-UNIT
                                           FCI P. O. BOX. 1731
                                           WASECA, MN 56093

an answer to the complaint which is herewith served upon you within **TEN** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

                          BY JURY for 24 hours with file.

DATE: __MAY 24, 2004__

                      CLERK, U.S. DISTRICT COURT


                   By_____
                          Deputy Clerk

                      (SEAL OF THE COURT)

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | C.A. 03-10452 |
| | ) | |
| Plaintiff-Appellee, | ) | Cr. No. 00-00150 |
| | ) | |
| vs. | ) | |
| | ) | |
| JAE JUN PAK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

On Appeal from the District Court of Guam

PLAINTIFF-APPELLEE'S BRIEF

_____

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332/7283

Attorneys for Plaintiff-Appellee

# TABLE OF CONTENTS

Page

INDEX OF AUTHORITIES ................................................................ ii

ISSUES PRESENTED FOR REVIEW ...................................... 1

STATEMENT OF THE CASE AND JURISDICTION ............... 1

SUMMARY OF ARGUMENT ................................................... 1

STATEMENT OF FACTS .......................................................... 2

ARGUMENT ............................................................................... 4

  I. DEFENDANT WAIVED HIS RIGHT TO APPEAL THIS
    CONVICTION ...................................................................... 4
      A. Standard of Review ........................................................ 4
      B. Argument ....................................................................... 5

  II. THIS CONVICTION SHOULD NOT BE VACATED FOR
    ALLEGED APPRENDI VIOLATIONS ................................ 5
      A. Standard of Review ........................................................ 5
      B. Argument ....................................................................... 6

  III. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION
     IN DENYING DEFENDANT'S MOTION FOR A DOWNWARD
     DEPARTURE BASED ON COERCION ................................ 7
      A. Standard of Review ........................................................ 7
      B. Argument ....................................................................... 8

CONCLUSION ........................................................................... 10

# INDEX OF AUTHORITIES

## CASES                                                                Page

Apprendi v. New Jersey,
    530 U.S. 466 (2000) ................................................................    2, 6

Jones v. Barnes,
    463 U.S. 745 (1983) ................................................................    5

United States v. Anglin,
    215 F.3d 1064 (9th Cir. 2000) ................................................    5

United States v. Belden,
    957 F.2d 671 (9th Cir. 1992) ..................................................    9

United States v. Franklin,
    321 F.3d 1231 (9th Cir. 2003) ................................................    5, 7

United States v. Minore,
    292 F.3d 1109 (9th Cir. 2002) ................................................    6, 7

United States v. Navarro-Botello,
    912 F.2d 318 (9th Cir. 1990) ..................................................    5

United States v. Pinto,
    48 F.3d 384 (9th Cir. 1995) ....................................................    7

United States v. Powell,
    6 F.3d 611 (9th Cir. 1993) ......................................................    9

United States v. Sanchez,
    914 F.2d 1355 (9th Cir. 1990) ................................................    9

United States v. Schuman,
    127 F.3d 815 (9th Cir. 1997) ..................................................    4

-ii-

United States v. Smith,
   282 F.3d 758 (9th Cir. 2002) ....................................................... 5, 6

United States v. Technic Servs., Inc.,
   314 F.3d 1031 (9th Cir. 2002) ..................................................... 7

## FEDERAL RULES OF CRIMINAL PROCEDURE

Rule 11(c)(1) ................................................................................ 5

## UNITED STATES SENTENCING GUIDELINES

USSG 5K2.12 ............................................................................... 2, 3, 8

-iii-

# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | C.A. No. 03-10452 |
| | ) | |
| Plaintiff-Appellee, | ) | CR No. 00-00150 |
| | ) | |
| vs. | ) | |
| | ) | |
| JAE JUN PAK, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

## ISSUES PRESENTED FOR REVIEW

I.  WHETHER DEFENDANT WAIVED HIS RIGHT TO APPEAL THIS
CONVICTION.

II. WHETHER THIS CONVICTION SHOULD BE VACATED FOR
ALLEGED APPRENDI VIOLATIONS.

III. WHETHER THE DISTRICT COURT ABUSED ITS DISCRETION IN
DENYING DEFENDANT'S MOTION FOR A DOWNWARD
DEPARTURE BASED UPON COERCION.

## STATEMENT OF THE CASE AND JURISDICTION

The government adopts defendant's statements of jurisdiction and of the

case.

## SUMMARY OF ARGUMENT

At the time he entered his plea agreement, defendant waived his rights to

appeal this conviction. Accordingly, his attacks on the conviction based upon

_Apprendi v. New Jersey_, 530 U.S. 466 (2000) should be denied, and his appeal against the conviction dismissed.

Even if this Honorable Court finds that defendant did not waive his right to appeal this conviction, it should be affirmed because the district court did not violate _Apprendi_ concerning whether defendant was advised he had a right to have the jury determine the amount of methamphetamine hydrochloride (ice) which he had conspired to import.

The district court did not abuse its discretion in denying defendant's motion for a downward departure based on coercion, as provided by USSG 5K2.12.

## STATEMENT OF FACTS

Defendant's statement of facts is incomplete; accordingly the government supplements it as follows. Defendant used a Korean interpreter at every appearance before the district court. There is nothing on the record to support defendant's allegation that he did not understand the proceedings. On January 8, 2001, defendant pled guilty to conspiracy to import more than 50 grams net weight of methamphetamine hydrochloride (ice). His plea agreement set forth the elements of each offense which the government had to prove beyond a reasonable doubt, specifically that there was "an agreement between two or more people to import into Guam from a place outside thereof, over fifty (50) grams of

-2-

methamphetamine. A schedule II controlled substance." (SER 4). As part of this plea agreement, defendant agreed that "[i]n exchange for the Government's concession in this Plea Agreement, the defendant waives any right to appeal this conviction. The defendant reserves the right to appeal the sentence imposed in this case." (SER 9).

At the time he entered his guilty plea, defendant indicated there was some pressure on him from Korea (SER 16-18). The presentence report was prepared on April 3, 2002, with Addendums dated April 12, 2002, and August 11, 2003; copies of which are attached hereto under seal. On March 19, 2002, defendant filed a response to the draft presentence report, indicating that he felt he qualified for a reduction based on coercion, pursuant to USSG 5K2.12, because gang members had induced him to commit the Guam crime by verbal threats and brandishing knives (SER 30). On August 12, 2003, defendant filed supplemental sentencing materials consisting of his debriefing by the FBI, to support his request for a substantial assistance departure. (SER 34-52). During a series of interviews, defendant detailed a history of trafficking in ice, for profit, beginning in 1988. He named several individuals and Korean gang members with whom he had been associated, all high-level dealers, and admitted importing many kilos of ice into the United States over the years. His statements reflect that in his drug trafficking,

-3-

he frequently initiated the deals and was a willing participant in them (SER 34-52).  The court addressed his motion in detail at sentencing.  It summarized the information before it, that defendant was a 51-year-old high school graduate who had served two years in the Korean army, and who had initially involved himself in drug dealing for money.  After his seven-year sentence in Korea for drug trafficking, he resumed his connections with dealers, and resumed trafficking. (SER 56-58). The court made explicit findings, that "the extent and degree of the alleged threat and coercion of defendant by In Jung does not rise to the standard required under the guidelines of a serious threat or duress.  Defendant's contention that he was coerced and threatened into committing the offense is not credible. Rather, the facts show that the defendant made the decisions he did and took the actions he did, regardless of the unlawful nature, because he was in need of money. " (SER 57-58).  The defendant did not object to the court's findings.

## ARGUMENT

## I. DEFENDANT WAIVED HIS RIGHT TO APPEAL THIS CONVICTION.

### A.  Standard of Review

This court reviews de novo whether defendant has waived his right to appeal.  United States v. Schuman, 127 F.3d 815 (9th Cir. 1997).

-4-

## B. Argument

There is no constitutional right to appeal. Jones v. Barnes, 463 U.S. 745 (1983). This court regularly enforces knowing and voluntary waivers of appellate rights in criminal cases, provided the waivers are part of negotiated guilty pleas. United States v. Anglin, 215 F.3d 1064 (9th Cir. 2000); United States v. Navarro-Botello, 912 F.2d 318 (9th Cir. 1990). Here, defendant specifically waived his right to appeal his conviction as part of a negotiated guilty plea. On appeal, he does not contest whether this waiver was knowing and voluntary. Rather, he neglects to advise this court that it occurred at all. His appeal, as it attacks his conviction, should be dismissed.

## II. THIS CONVICTION SHOULD NOT BE VACATED FOR ALLEGED APPRENDI VIOLATIONS.

## A. Standard of Review

Defendant did not object to the district court's plea colloquy, or ever contend that it failed to comply with Federal Rule of Criminal Procedure 11(c)(1). Accordingly, any alleged error must be reviewed for plain error, United States v. Franklin, 321 F.3d 1231, 1240 (9th Cir. 2003). Plain error requires an error which is plain and which affects substantial rights. United States v. Smith, 282 F.3d 758 (9th Cir. 2002). "If these three conditions are met, we may exercise our discretion

to notice the error, but only if it (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 765.

## B. Argument

Defendant contends that the district court violated Apprendi v. New Jersey, 530 U.S. 466 (2000) by failing to advise the defendant that the government would have to prove the amount of controlled substances he conspired to import beyond a reasonable doubt. United States v. Minore, 292 F.3d 1109 (9th Cir. 2002). In Minore, the defendant pled guilty to money laundering and conspiracy to import and distribute marijuana. The plea agreement listed the elements which the government would have to prove beyond a reasonable doubt, but only cited the standard conspiracy elements, that it prove that there was an agreement between two or more persons to import and distribute marijuana. Thus, the plea agreement did not provide the drug amount as part of the elements of conspiracy; during the plea colloquy the court simply referenced the elements as set forth in the plea agreement, and did not elaborate further.

Here, the plea agreement specifically provided that the government would have to prove beyond a reasonable doubt that there was "an agreement between two or more people to import into Guam from a place outside thereof, over fifty (50) grams of methamphetamine, a schedule II controlled substance." (SER 4).

-6-

The district court specifically advised the defendant accordingly (SER 21-22). Therefore, the facts here are distinguishable from <u>Minore</u>.

Even had the plea agreement, and the district court, not specifically advised the defendant that the government would have to prove beyond a reasonable doubt that he conspired to import more than 50 grams of ice, his conviction should be affirmed because any error was not plain: it did not affect the fairness, integrity or public reputation of judicial proceedings because defendant unequivocally admitted in his plea agreement, in the plea colloquy and at sentencing that he should be held liable for more than 50 grams of ice. <u>Minore</u>, 292 F.3d at 1119.

## III. THE DISTRICT COURT DID NOT ERR IN DENYING DEFENDANT'S MOTION FOR A DOWNWARD DEPARTURE BASED ON COERCION.

### A. Standard of Review

The district court's application of the guidelines to the facts of a particular case is reviewed for abuse of discretion. <u>United States v. Technic Servs., Inc.</u>, 314 F.3d 1031, 1038 (9th Cir. 2002). If defendant failed to object to the findings of the district court, its decision is reviewed for plain error. <u>Franklin</u>, <u>supra</u>. The court reviews <u>de novo</u> the district court's interpretation of the sentencing guidelines and accepts its factual findings unless they are clearly erroneous. <u>United States v. Pinto</u>, 48 F.3d 384 (9th Cir. 1995).

-7-

## B. Argument

After the presentence report was submitted, defendant filed two memoranda in support of his request that the district court consider a downward departure pursuant to USSG 5K2.12, which provides in pertinent part that if the defendant "committed the offense because of serious coercion, blackmail, or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guildelines range."

Defendant mistakenly alleges that the district court failed to consider his motion because he had not raised the coercion issue prior to sentencing. It is true that the court expressed displeasure that defendant had waited until after the presentence report to raise this issue. It noted that it "was made aware of the possibility of coercion and duress ... in the defendant's response to the PSR. The timing of this information does not lend credence to the defendant's contention. Instead, the court views defendant's assertions as mere self-serving statements." (SER 55-56). Nevertheless, despite the timing of his motion, the court did consider it on the merits. It made specific findings that in view of his age, criminal history and the facts of this case, such a departure was unwarranted (SER 55-58).

-8-

The district court did not abuse its discretion in refusing to make this departure, because its findings were based on the undisputed facts of the record. The defendant had the burden of proving that he was subject to an "imperfect" coercion or duress. United States v. Powell, 6 F.3d 611 (9th Cir. 1993). The court's decision to deny a downward departure is discretionary unless the court indicates that its refusal to depart is based on its view that it could not as a matter of law. United States v. Belden, 957 F.2d 671 (9th Cir. 1992). The appellate courts give the district court due regard to the court's opportunity to judge the credibility of witnesses and due deference to the court's application of the guidelines to the facts. United States v. Sanchez, 914 F.2d 1355 (9th Cir. 1990).

Here, the court considered defendant's contentions, but concluded that they were insufficient to support his claim for a downward departure. This finding is fully supported by the facts. Accordingly, the district court did not clearly err in declining to award defendant a duress departure.

//

//

//

//

//

## CONCLUSION

Defendant's appeal should be dismissed as it attacks the validity of his conviction. His conviction and sentence should be affirmed.

RESPECTFULLY SUBMITTED this _3rd_ day of May, 2004

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

-10-

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## FED R. APP. P. 32(a)(7)(C) AND CIRCUIT RULE 32-1
## FOR CASE NUMBER 03-10452

I certify that the attached brief complies with the type-volume limitations

of Fed. R. App. P. 32(a)(7)(C)(B), because the number of words in this principal

brief is <u>1796</u>.

Respectfully submitted this _3rd_ day of May, 2004.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI


By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

-11-

# CERTIFICATE OF RELATED CASES

The undersigned counsel hereby certifies that there are no related cases,

pending before the Ninth Circuit Court of Appeals.

DATED this _3rd_ day of May, 2004.

> LEONARDO M. RAPADAS
> United States Attorney
> Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I, KARON V. JOHNSON, Assistant United States Attorney for the District of Guam, attorney for Plaintiff-Appellant, hereby certify that on the 3rd day of May, 2004, I caused to be served by postal air-mail service and/or hand-delivery envelopes containing two copies of the foregoing Plaintiff-Appellant's Brief to the following attorney of record:

> Joaquin C. Arriola, Jr.
> Arriola, Cowan & Arriola
> Suite 201, C&A Professional Bldg.
> 259 Martyr Street
> Hagatna, Guam 96910

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

-13-

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

| To Department of Homeland Security<br>Bureau of Immigration & Customs Enforcement<br>Office of Investigations<br>2901 Metro Drive Suite 100<br>Bloomington, MN 55425<br>**ATTN: Robert Kyle** | Institution: FCI Waseca<br>P.O Box 1731<br>Waseca, MN 56093<br>(507) 835-8972, extension 3533 | |
|---|---|---|
| | Date: 11-25-2003 | |

| Case/Dkt#: | Inmate's Name:<br>PAK, Jae June | Fed Reg No.:<br>02116-093 | DOB/SEX/RACE<br>03-10-1951/M/Asian |
|---|---|---|---|
| Aliases: PARK, Jae June; JUNE, Pak Jae | | Other No.: SSN 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<br>A41 825 841 | |

The below checked paragraph relates to the above named inmate:

☐  This office is in receipt of the following report:_____
_____. Will you please investigate this report and advise what disposition, if any,
has been made of the case. If subject is wanted by your department and you wish a detainer
placed, it will be necessary for you to forward a certified copy of your warrant to us along
with a cover letter stating your desire to have it lodged as a detainer. If you have no further
interest in the subject, please forward a letter indicating so.

XXX  A detainer has been filed against this subject in your favor charging <u>Deportation</u>. Release is
tentatively scheduled for <u>09-17-2012</u>, however, **we will notify you no later than 60 days prior
to actual release. Inmate Pak recently arrived at FCI Waseca as a new commitment. He arrived
with a detainer lodged by your Hagatna, Guam, office. Enclosed is a copy of the detainer. To
check on an inmate's location, you may call our National Locator Center at: 202-307-3126** or
check our BOP Inmate Locator Website at **www.bop.gov.**

☐  Enclosed is your detainer warrant. Your detainer against the above named has been removed in
compliance with your request.

☐  Your detainer warrant has been removed on the basis of the attached _____.
Notify this office immediately if you do not concur with this action.

☐  Your letter dated _____ requests notification prior to the release of the above
named prisoner. Our records have been noted. Tentative release date at this time is _____
_____.

☐  I am returning your _____ on the above named inmate who was committed
to this institution on _____ to serve _____ for the offense of
_____. If you wish your _____ filed as a detainer,
please return it to us with a cover letter stating your desire to have it placed as a hold or
indicate you have no further interest in the subject.

☐  Other:

Sincerely,

B. Hansen

*Barb Hansen, Legal Instruments Examiner*
For: Jeannie MacMonegle,
**Inmate Systems Manager**

Original - Addressee, Copy - Judgment & Commitment File; Copy - Inmate; Copy - Central File (Section
1); Copy - Correctional Services Department

(This form may be replicated via WP)                    (Replaces BP-394(58) dtd FEB 1994

CERTIFICATE OF SERVICE

This is to certify that I have, on 24 day, of MAY 2004, placed a true and exact copy of the foregoing, in the u. s. mails, via certified mail addressed to

OFFICE OF THE CLERK
4TH FL U. S. COURTHOUSE
520 WEST SOLEDAD AVE
HAGATNA, GUAM 96910

ATTORNEY GENERAL
DEPT OF JUSTICE
950 PENNSYLVANIA AVE, N. W.
WASHINGTON, D. C. 20530

GEORGE W BUSH THE PRESIDENT
THE WHITE HOUSE AND EXECUTIVE OFFICE
1600 PENNSYLVANIA AVE, N. W.
WASHINGTON, D. C. 20500

BILL CLINTON, FORWARD ADDRESS

JANNET RENO, FORWARD ADDRESS

U. S. SENATE, JUDICIARY COMMITTEES
224 DIRKSEN SENATE OFFICE BUIDING
WASHINGTON, D. C. 20510-6275

THE HOUSE OF REPRESENTATIVES
JUDICIARY COMMITTEES
2138 RAYBURN HOUSE OFFICE BUILDING
WASHINGTON, D. C. 20515

RESPECTFULLY SUBMITTED

JAE JUNE PAK, 02116-093,et al.
FCI P. O. BOX. 1731
WASECA, MN 56093

LEGAL ASSISTANT,YOUNG YIL JO,01183-112

USA TODAY
7950 JONES BRANCH DRIVE
MCLEAN, VA 22108

LOS ANGELES TIMES
202 1ST STREET
LOS ANGELES, CA 90012

WASHINTON POST CO
1150 15TH STREET, N. W.
WASHINGTON, D. C. 20071

THE WALL STREET JOURNAL
4300 NORTH ROUTE 1
SOUTH BRUNSWICK, NJ 08852

SUPREME COURT OF THE UNITED STATES OFFICE OF THE CLERK
ONE FIRST STREET, N. E. WASHINGTON, D. C. 20543-0001 AND UNIT TEAM.