DISTRICT COURT OF GUAM

TERRITORY OF GUAM

JAE JUNE PAK,

    Plaintiff,

vs.

GEORGE W. BUSH, BILL CLINTON, JOHN ASHCROFT, JANET RENO, and SIX UNKNOWN NAMES AGENTS,

    Defendants.

Civil Case No. 04-00023

ORDER

On June 8, 2004, the Court stayed this civil rights action pending the exhaustion of the Plaintiff's habeas corpus remedies and the conclusion of his appeal before the United States Court of Appeals for the Ninth Circuit.

On December 27, 2004, the Court received a Judgment from the United States Court of Appeals for the Ninth Circuit affirming the judgment of this Court.

The Plaintiff has not pursued habeas corpus relief. The Court is also unaware of whether the Plaintiff intends to file a petition for a writ of certiorari with the Supreme Court seeking review of the Judgment entered by the United States Court of Appeals for the Ninth Circuit. Thus, the Plaintiff must advise the Court how he intends to proceed.

If the Plaintiff does not intend to file a petition for a writ of certiorari, then the Plaintiff must also decide whether he (1) wishes the Court to treat the complaint as a petition

///

for a writ of habeas corpus, or (2) intends to file a separate petition for habeas corpus.[1] While the Court could re-characterize the Plaintiff's complaint as a motion for post-conviction relief, the Plaintiff should be mindful that a this may diminish the possibility of the defendant successfully filing a future, properly drafted and documented, motion. See United States v. Seesing, 234 F.3d 456, 463 (9th Cir. 2000). Under the Antiterrorism and Effective Death Penalty Act, the opportunity to file successive motions under 28 U.S.C. § 2255 is strictly limited. See generally 28 U.S.C. § 2255 (second or successive motions may be certified only if based on "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable").

The Plaintiff shall notify the Court of his elections by February 28, 2005. Failure to do so will result in the Court treating the complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

SO ORDERED this 7th day of January 2005.

JOAQUIN V.E. MANIBUSAN JR.
U.S. Magistrate Judge

---

[1] If the Plaintiff opts to maintain this civil action and file a separate habeas corpus petition under 28 U.S.C. § 2255, then the Plaintiff must execute and file the required forms which the Clerk of Court sent to him on May 28, 2004. These forms consist of (1) an Application to Proceed Without Prepayment of Fees and Affidavit, and (2) a consent to the Release of Trust Account Information and to the Collection of Fees from Trust Account.