FILED
DISTRICT COURT OF GUAM
MAY -3 2005
MARY L.M. MORAN
CLERK OF COURT



**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

| | |
|---|---|
| JAE JUNE PAK,<br><br>       Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | Criminal Case No. 00-00150<br><br>Civil Case No. 04-00023<br><br><br>**ORDER** |

On June 8, 2004, the Court stayed this civil rights action pending the exhaustion of the Plaintiff's *habeas corpus* remedies and the conclusion of his appeal before the United States Court of Appeals for the Ninth Circuit.

On December 27, 2004, the Court received a Judgment from the United States Court of Appeals for the Ninth Circuit affirming the judgment of this Court.

On January 10, 2005, the Court ordered the Petitioner to advise the Court if he intended to file a petition for a *writ of certiorari* with the Supreme Court seeking review of the Judgment entered by the United States Court of Appeals for the Ninth Circuit. Further, Plaintiff was ordered to inform the Court if he (1) wished the Court to treat his complaint as a petition for a writ of *habeas corpus*, or (2) intends to file a separate petition for *habeas corpus*. The Plaintiff was provided a deadline of February 28, 2005 to notify the Court of his elections and was informed that failure to do so would result in the Court treating the complaint as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2255. Plaintiff was further admonished that re-characterization of his complaint as a

motion for post-conviction relief may diminish the possibility of successfully filing a future, properly drafted and documented motion. Likewise, his opportunity to file successive motions under 28 U.S.C. § 2255 is strictly limited.

To date, no response has been received by the Court regarding his elections, rather Plaintiff simply filed yet another Complaint[1] pursuant to 42 U.S.C. §1983, on April 19, 2005. Therefore, the court hereby re-characterizes the Plaintiff's complaint as a motion for post conviction relief pursuant to 28 U.S.C. § 2255. Accordingly, the Petitioner shall have until June 2, 2005, in which to amend his petition and/or file a memorandum of points and authorities in support of his petition. The Petitioner shall complete the requisite form as provided by the District Court Clerk and shall incorporate all previous filings therein. Plaintiff is further instructed that he must personally affix his signature to said document pursuant to RULE 2 OF THE RULES GOVERNING SECTION 2255 PROCEDURES. Petitioner is further admonished that failure to file said document with a valid signature by June 2, 2005 will result in a dismissal of the action. Respondent shall have until July 2, 2005 to file a response to Petitioner's motion. If a Response is received, Petitioner shall have thirty days from receipt of the United States' Response in which to file a Reply. If the Court finds that a hearing is necessary on Petitioner's § 2255 motion, one will be scheduled at a later date.

**IT IS SO ORDERED** this _3_ day of May, 2005.

*/s/ David O. Carter*
DAVID O. CARTER[*]
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the defendant to date has filed thirteen (13) such complaints none of which have been signed by the defendant. None of which set forth facts to support his allegations.

[*] The Honorable David O. Carter, United States District Judge for Central California, by designation.